UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| GROCERY MANUFACTURERS ASSOCIATION, SNACK FOOD ASSOCIATION, INTERNATIONAL DAIRY FOODS ASSOCIATION, and NATIONAL ASSOCIATION OF MANUFACTURERS,<br><br>        Plaintiffs,<br><br>    v.<br><br>WILLIAM H. SORRELL, in his official capacity as the Attorney General of Vermont; PETER E. SHUMLIN, in his official capacity as Governor of Vermont; HARRY L. CHEN, in his official capacity as Commissioner of the Vermont Department of Health; and JAMES B. REARDON, in his official capacity as Commissioner of the Vermont Department of Finance and Management,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 5:14-cv-117<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

STATE OF VERMONT'S RESPONSE TO
VERMONT PUBLIC INTEREST RESEARCH GROUP AND
CENTER FOR FOOD SAFETY'S MOTION TO INTERVENE AS DEFENDANTS

As correctly indicated by the Vermont Public Interest Research Group ("VPIRG") and the Center for Food Safety ("CFS"), the State does not oppose Applicants' motion to intervene as defendants pursuant to Federal Rule of Civil Procedure 24 (Doc. 18). For the record, the State believes it should clarify two factual assertions that have been made to the Court. Further, the State wishes to inform the Court that it would support limited permissive intervention pursuant to

Federal Rule of Civil Procedure 24(b) for purposes of allowing VPIRG and CFS to brief legal issues raised by the parties in their filings to this Court.

**I.      The State fully intends to vigorously defend Act 120.**

First, there can be no question that the State will vigorously defend Act 120 against the claims brought by Plaintiffs.  The Attorney General has repeatedly and consistently stated his intent to "mount a vigorous and zealous defense of the law."  Press Release, Governor of Vermont, Gov. Peter Shumlin signs first-in-the-nation genetically engineered foods labeling law (May 8, 2014), *available at* http://governor.vermont.gov/newsroom-gmo-bill-signing-release; *see also* Press Release, Vermont Attorney General, Sorrell Announces Legal Defense Team for Genetically-Engineered Food Labeling Lawsuit (July 7, 2014), *available at* http://www.atg.state.vt.us/news/sorrell-announces-legal-defense-team-for-genetically-engineered-food-labeling-lawsuit.php (noting that five assistant attorney generals will be dedicated to the defense team as well as experienced outside counsel that has been retained with a $1.465 million contract).  The State is confident that the anticipated significant expense of this litigation, any supposed budgetary restraints, and the greater resources of Plaintiffs will in no way impair the State's ability to litigate this case or to advocate for and defend Act 120.

Second, Act 120 itself imposes no financial restriction on the State's ability to defend the law.  To the contrary, the fund for receiving donations from outside sources, created to assist in funding implementation and administration of Act 120, will support, not hinder, the State in adequately representing the interest it shares with VPIRG and CFS in upholding Act 120 against a constitutional challenge.  *See* 2014 Vt. Acts & Resolves No. 120, § 4(b)(1).  The fund supplements the State's resources by providing an opportunity for interested parties to offer financial assistance to advance implementation of the Act.  In addition to private funding, the fund consists of "up to $1,500,000.00 of settlement monies collected by the Office of the

Attorney General that . . . exceed the estimated amounts of settlement proceeds in the July 2014 official revenue forecast." *Id.* at § 4(b)(2).  Thus, the State's defense budget is not limited to the amount of money voluntarily donated.  Indeed, Act 120 specifically contemplates a budget of $1,500,000 in the first fiscal year, and provides for the Attorney General to request additional money if the fund does not cover this amount.  *See* 2014 Vt. Acts & Resolves No. 120, § 5.  Simply put, Act 120 in no way caps the amount of money that the State can use to defend Act 120, but rather provides an additional avenue for funding sources.

As VPIRG and CFS suggest, during the legislative process, state officials realistically identified the potential cost of defending Act 120.  But this reasonable forecasting and acknowledgment of the inevitable cost of litigation does not represent a budgetary constraint on the State's defense efforts.  The State is fully prepared and motivated to defend Act 120, and is not at all prevented from doing so by Plaintiffs' sizable income and resources, general fiscal concerns, or by any lack of qualified personnel at its disposal.

**II.     The State supports limited intervention which would allow Applicants to fully participate in briefing the legal issues raised in the parties' filings to the Court.**

Should the court determine that VPIRG and CFS have not met the standard for intervention under Rule 24(a), the State believes limited permissive intervention by VPIRG and CFS would be appropriate so that they may contribute to the arguments presented to this Court.  To that end, the State supports limited permissive intervention under Rule 24(b) in order to allow VPIRG and CFS to offer briefing on all motions, responses, replies and other filings by the parties, in a role similar to that of a defendant and subject to the same filing deadlines as the State.  The State takes no position with respect to whether any broader permissive intervention for VPIRG and CFS should be authorized by the Court.

DATED at Montpelier, Vermont this 7th day of August, 2014.

        STATE OF VERMONT

        WILLIAM H. SORRELL
        ATTORNEY GENERAL

By:  /s/ *Megan J. Shafritz*
      Megan J. Shafritz
      Jon T. Alexander
      Kyle Landis-Marinello
      Naomi Sheffield
      Assistant Attorney Generals
      Office of the Attorney General
      109 State Street
      Montpelier, VT 05609-1001
      (802) 828-5527
      megan.shafritz@state.vt.us

      (*Pro Hac Vice* Pending)
      Lawrence S. Robbins
      Daniel N. Lerman
      Lee Turner Friedman
      ROBBINS, RUSSELL, ENGLERT,
      ORSECK, UNTEREINER &
      SAUBER LLP
      1801 K Street, N.W., Suite 411L
      Washington, D.C. 20006
      (202) 775-4500
      lrobbins@robbinsrussell.com

      Counsel for Defendants, William H. Sorrell, Peter E. Shumlin, Harry L. Chen, and James B. Reardon

CERTIFICATE OF SERVICE

I, Megan J. Shafritz, Esq., attorney for Defendants, hereby certify that on August 7, 2014, I electronically filed the State of Vermont's Response to Vermont Public Interest Research Group and Center for Food Safety's Motion to Intervene as Defendants with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered participants.  In addition, I also served the above-referenced document on counsel for Applicants VPIRG and CFS by causing a copy to be mailed using the United States Postal Service, postage prepaid to:

Laura B. Murphy, Esq.
Environmental & Natural Resources Law Clinic
Vermont Law School
P.O. Box 96, 164 Chelsea Street
South Royalton, VT 05068

DATED at Montpelier, Vermont this 7th day of August 2014.

STATE OF VERMONT

WILLIAM H. SORRELL
ATTORNEY GENERAL

By:  /s/ *Megan J. Shafritz*
Megan J. Shafritz
Jon T. Alexander
Kyle Landis-Marinello
Naomi Sheffield
Assistant Attorney Generals
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-5527
megan.shafritz@state.vt.us

Counsel for Defendants, William H. Sorrell, Peter E. Shumlin, Harry L. Chen, and James B. Reardon