UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| GROCERY MANUFACTURERS ASSOCIATION, SNACK FOOD ASSOCIATION, INTERNATIONAL DAIRY FOODS ASSOCIATION, and NATIONAL ASSOCIATION OF MANUFACTURERS,<br><br>    Plaintiffs,<br><br>  v.<br><br>WILLIAM H. SORRELL, in his official capacity as the Attorney General of Vermont; PETER E. SHUMLIN, in his official capacity as Governor of Vermont; HARRY L. CHEN, in his official capacity as Commissioner of the Vermont Department of Health; and JAMES B. REARDON, in his official capacity as Commissioner of the Vermont Department of Finance and Management,<br><br>    Defendants. | Case No. 5:14-cv-117 |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO ADOPT PLAINTIFFS' PROPOSED DISCOVERY SCHEDULE

Defendants, William H. Sorrell, Peter E. Shumlin, Harry L. Chen, and James B. Reardon, by and through their attorneys, the Vermont Attorney General's Office, hereby oppose Plaintiffs' motion to adopt their proposed discovery schedule. Plaintiffs' proposal is contrary to the Federal Rules of Civil Procedure and represents an unfair attempt to hinder Defendants' ability to defend this case.

Background

On June 10, 2015, counsel for Defendants forwarded a proposed joint discovery schedule to Plaintiffs' counsel for consideration. Consistent with Rule 26 of the Federal Rules of Civil Procedure, which allows discovery regarding any "matter that is relevant to any party's claim or

defense," Defendants' proposal called for the parties to conduct discovery in the customary manner. Specifically, Defendants proposed that fact discovery be conducted on all issues remaining in the case, prior to depositions. Defendants also proposed staggered expert disclosures, with Plaintiffs making the initial disclosure. *See* Doc. 104-1.

In response, Plaintiffs proposed that full discovery proceed *only* on the Commerce Clause claim – a claim that has been largely dismissed by this Court. At the same time, Plaintiffs insisted that Defendants forgo *any* fact discovery on the First Amendment claims – the primary claims remaining in this case. In support of that position, which runs counter to Rule 26 and the standard approach to discovery taken by this Court, Plaintiffs contended that Defendants have the ultimate burden of proving the constitutionality of Act 120 at trial, and therefore have no right to *any* fact discovery whatsoever on the First Amendment issues. Plaintiffs also proposed that expert disclosures proceed simultaneously. *See* Doc. 104-2.

The parties conferred in good faith to reach a resolution, but Plaintiffs would not agree to conduct any fact discovery on the First Amendment claims, and Defendants could not agree to so drastically limit discovery. *See* Doc. 104-3. Defendants therefore filed a Stipulated Motion requesting a discovery conference. Doc. 104. Subsequently, Plaintiffs filed a motion asking the Court to adopt their cramped view of the appropriate discovery in this case and enter their proposed discovery schedule. Doc. 105.

## Argument

Plaintiffs' proposal is mistaken for two reasons. First, it confuses the question of the burden of proof at trial with the scope of permissible discovery about the evidence to be offered at trial. Second, it misstates the burden of proof the State actually faces and misconstrues the Court's earlier Opinion in this case.

Plaintiffs seek to prevent the State from taking any discovery whatsoever on Plaintiffs' claims that Act 120 violates the First Amendment, while limiting discovery to issues related to claims that have been dismissed.  That proposal reprises Plaintiffs' earlier attempt to permit only lopsided discovery.  At the status conference on September 19, 2015, Plaintiffs argued they should be permitted to introduce expert testimony challenging the science supporting the State's interests in connection with their motion for a preliminary injunction.  Doc. 49, at 22-24.  At the same time, Plaintiffs argued Defendants should not be allowed to depose these experts, but should instead be limited to the legislative record.  *Id*. at 24-27.  Rejecting that proposal, which the Court characterized as "very odd," *id*. at 25, the Court explained that it did not believe it was even the Court's responsibility to "reexamine[] the legislative record and correct[] science mistakes" made by the Legislature, *id*. at 21.  But if Plaintiffs submitted an expert to opine on the health risks of GE foods, the Court explained, it did not see how it "would be fair" to cut off Defendants' ability to depose those experts.  *Id*. at 26.  And for good reason:  A plaintiff cannot make allegations in a complaint, submit an expert declaration to support those allegations, and then bar the defendant from testing those allegations.

The Court should likewise reject Plaintiffs' latest attempt to limit discovery and hamstring Defendants' ability to present their defense to the Court.  While Plaintiffs argue that "[t]he scope of discovery may . . . be informed by the parties' burdens of proof," Doc. 105-1 ("Pls.' Motion"), at 4, they cite no authority in support of the novel proposition that the party bearing the burden of proof is thereby prohibited from gathering evidence in discovery to meet its burden.  Indeed, Plaintiffs' argument is foreclosed by Fed. R. Civ. P. 26(b)(1), which governs the scope of discovery and grants *all* "parties" the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  In support of their First

3

Amendment claims, Plaintiffs allege in their Amended Complaint that there are simply *no* potential health or environmental risks presented by GE foods. Doc. 103 ("Am. Compl."), at ¶ 54 ("[T]here must be a harm that warrants governmental intervention. *No such harm exists here . . . .*" (emphasis added)). In their briefing, too, Plaintiffs have repeatedly attacked Act 120 on the grounds that the harms cited by the Legislature are not real or are not rationally related to the State's stated goals. *See, e.g.*, Doc. 33-1, at 23 ("Vermont cannot make the required showing here because the harms recited in Act 120 are not 'real.'"). Plaintiffs put those allegations at issue in this case; thus, Defendants are entitled to discovery of any information that bears on those allegations – regardless of who has the ultimate burden of proof at trial.

But, in any event, Plaintiffs are simply wrong that the State bears the burden of proof on the GE disclosure requirement. This Court has expressly held that *Zauderer v. Office of Disciplinary Counsel* "dictates the appropriate level of First Amendment scrutiny to be applied to Act 120's GE disclosure requirement." Doc. 95 ("Opinion & Order"), at 60. And under *Zauderer*, the State "has no obligation to produce evidence, or empirical data to sustain rationality." *N.Y. State Rest. Ass'n v. N.Y. City Bd. of Health* ("*NYSRA*"), 556 F.3d 114, 134 n.23 (2d Cir. 2009). Rather "[t]he *burden falls to the party attacking the statute* as unconstitutional" to negate all possible bases for it. *Lewis v. Thompson*, 252 F.3d 567, 582 (2d Cir. 2001) (emphasis added). In other words, Plaintiffs, not Defendants, have the burden of showing that Act 120's GE disclosure requirement serves no rational state interest.

Plaintiffs' citation to *Edenfield v. Fane*, 507 U.S. 761 (1993), does not support their argument that the State bears the burden of proof, nor does it warrant the limitations on discovery that Plaintiffs propose. *Edenfield* did not address *compelled* commercial speech. Rather, in *Edenfield*, the Court addressed a *restriction* on commercial speech under *Central*

4

*Hudson*. In that context, the *Edenfield* Court's statement – that the party defending the law carried the burden of justifying it – is scarcely surprising. What is surprising is that Plaintiffs have ignored this Court's ruling that Act 120's *disclosure* requirement is subject to rational-basis review under *Zauderer*, not intermediate scrutiny under *Central Hudson*. Opinion & Order at 61-63. Every single case cited by Plaintiffs in support of their motion is one in which heightened scrutiny, not rational-basis review, applied.

The other cases cited by Plaintiffs to support their argument that "the State is confined to the record it considered at the time Act 120 was passed when defending its speech restriction," Pls.' Motion at 5, are equally inapposite. None of the cases are commercial speech or rational-basis review cases. And it is black-letter law that when, as here, a law is subject to rational-basis review, the government may point to interests beyond those articulated by the legislature. *Edenfield*, 507 U.S. at 768 ("[U]nlike rational-basis review, the *Central Hudson* standard does not permit us to supplant the precise interests put forward by the State with other suppositions."); *see also Fl. Bar v. Went for It, Inc.*, 515 U.S. 618, 624 (1995) (citing *Edenfield* for the same proposition); *Pruett v. Harris Cnty. Bail Bonds Bd.*, 499 F.3d 403, 410 (5th Cir. 2007) (under rational-basis review "a court can, and should if necessary, confect its own reasons to justify a statute"); *Sanjour v. Envtl. Prot. Agency*, 56 F.3d 85, 96 (D.C. Cir. 1995) (en banc) (citing *Edenfield* for same proposition in First Amendment challenge to prohibitions on speech of government employees).

A statute will survive rational basis review, moreover, "if there is any reasonably conceivable state of facts that could provide a rational basis for the" statute. *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313, 315 (1993) (noting that a statute "may be based on rational speculation unsupported by evidence or empirical data"). Thus, a statute will not "be overturned

5

on the basis that no empirical evidence supports the assumptions underlying the legislative choice." *Beatie v. City of N.Y.*, 123 F.3d 707, 712 (2d Cir. 1997) (citing *Beach Commc'ns* for the proposition that "lawmakers are free to engage in rational speculation unsupported by evidence"); *see also Williams v. Pryor*, 240 F.3d 944, 948 (11th Cir. 2001) (same); *Vaughn v. Sullivan*, 83 F.3d 907, 913 (7th Cir. 1996) (same).  In applying the rational-basis standard, a "statute is presumed to be constitutional and the burden is on the party attacking the legislative arrangement to negative every conceivable basis which might support it, *whether or not the basis has a foundation in the record.*" *Heller v. Doe*, 509 U.S. 312, 320-21 (1993) (emphasis added) (citations omitted); *see NYSRA*, 556 F.3d at 134 n.23.  And even if *Central Hudson* did apply, the State could still rely on post-enactment evidence and is not limited to "reasons locatable in the legislative record." *Pruett*, 499 F.3d at 410.

As these cases all make clear, Plaintiffs suffer from a misunderstanding of the level of scrutiny that this Court has already held applies in this case.  But in any event, the ultimate burden of proof is simply beside the point:  Rule 26 permits discovery regarding all matters relevant to the claims and defenses in a case, irrespective of who bears the ultimate burden of proof at trial.  Simply put, Defendants are entitled to a full and fair opportunity to conduct discovery and present their defenses to the Court without the one-sided limitations Plaintiffs request.

Further, just as they ask this Court to depart from the established scope of permissible discovery, Plaintiffs seek to depart from the traditional procedure for resolving discovery disputes.  Plaintiffs ask the Court to rule preemptively – having never even laid eyes on Defendants' requests – that they are entitled to a protective order because the "benefits" of the discovery will be "outweighed" by some amorphous burden to Plaintiffs and their members.

Pls.' Motion at 8.  In pressing that argument, Plaintiffs assert that Defendants will seek "the views of the Associations' members about genetic engineering." *Id*. at 7.  That is false.  Defendants do not seek – and never stated that they intend to seek – discovery on Plaintiffs' "views" of genetic engineering.  Rather, as noted above, Defendants plan to discover any evidence Plaintiffs have regarding the health, safety, and environmental impacts of GE food.  Nothing can be more relevant to this case.

Defendants will also pursue information related to Plaintiffs' challenge to Act 120's use of the term "natural" on GE products.  The Amended Complaint alleges that "Plaintiffs' members include companies that have used, currently use, and intend to continue to use the 'natural' terms specifically identified in Act 120 with respect to products that contain ingredients derived from GE crops."  Am. Compl. ¶ 59.  Neither Defendants nor this Court are required to accept that allegation as true at trial.  Rather, Defendants are entitled to take discovery to test the assertion in order to evaluate Plaintiffs' standing to challenge the natural ban.  Discovery into evidence on health, safety and environmental risks of GE food, and the factual basis for standing, are just two examples of the evidence Defendants require in order to present their defense.  By refusing to allow any fact discovery on the First Amendment claims, Plaintiffs undermine Defendants' ability to test Plaintiffs' factual allegations and to defend the law duly enacted by the Legislature.

Ultimately, Defendants believe that Act 120 survives scrutiny under *Zauderer*, and that the Court may enter judgment in Defendants' favor now, without *any* further factual or expert discovery.  After all, this Court has already held that "the State has established that Act 120's GE disclosure requirement is reasonably related to the State's substantial interest," and that, "under *Zauderer*, Act 120's GE disclosure requirement is constitutional."  Opinion & Order at 65.

Nevertheless, this Court declined to dismiss Plaintiffs' challenge to the GE labeling mandate on the ground that "the factual record is undeveloped." *Id*. To the extent that this Court believes that further development of the record is actually necessary, all parties should have a full and fair opportunity to conduct discovery in the normal and ordinary course of litigation. The Federal Rules of Civil Procedure expressly contemplate as much, and there is no reason to deviate from the normal course in order to truncate Defendants' opportunity to develop their defense.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to adopt their proposed discovery schedule and order that discovery proceed according to the standard approach normally followed by this Court.

DATED at Montpelier, Vermont this 22nd day of July 2015.

STATE OF VERMONT

WILLIAM H. SORRELL
ATTORNEY GENERAL

By:   /s/ *Megan J. Shafritz*
Megan J. Shafritz
Kate T. Gallagher
Jon T. Alexander
Kyle H. Landis-Marinello
Naomi Sheffield
Assistant Attorneys General
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-5527
megan.shafritz@state.vt.us

Lawrence S. Robbins (admitted *pro hac vice*)
Alan D. Strasser (admitted *pro hac vice*)
Daniel N. Lerman (admitted *pro hac vice*)
Lee Turner Friedman (admitted *pro hac vice*)
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
(202) 775-4500
lrobbins@robbinsrussell.com

*Counsel for Defendants*
*William H. Sorrell, Peter E. Shumlin, Harry L. Chen, and James B. Reardon*

CERTIFICATE OF SERVICE

I, Megan J. Shafritz, Esq., attorney for Defendants, hereby certify that on July 22, 2015, I electronically filed Defendants' Memorandum in Opposition to Plaintiffs' Motion to Adopt Plaintiffs' Discovery Schedule with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered participants.

DATED at Montpelier, Vermont this 22nd day of July 2015.

    STATE OF VERMONT

    WILLIAM H. SORRELL
    ATTORNEY GENERAL

By:   /s/ *Megan J. Shafritz*
    Megan J. Shafritz
    Assistant Attorney General
    Office of the Attorney General
    109 State Street
    Montpelier, VT 05609-1001
    (802) 828-5527
    megan.shafritz@state.vt.us

    Counsel for Defendants, William H. Sorrell, Peter E. Shumlin, Harry L. Chen, and James B. Reardon